**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Julio Rivera, | ) | No. 13 Cv-9275 |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| Anthony W. Batts, individually and as Police | ) | |
| Commissioner, agent and Chief Officer of the City | ) | |
| of Baltimore Police Department, Two (2) or more | ) | |
| Unidentified Officers and Agents of the City of | ) | |
| Baltimore Police Department, Baltimore Police | ) | Judge |
| Department, a subdivision of the State of Maryland, | ) | |
| and the City of Baltimore, Maryland, a municipal | ) | Magistrate |
| corporation and body politic, | ) | |
|     Defendants. | ) | Jury Trial demanded |

**COMPLAINT UNDER TITLE 42 U.S.C. SECTION 1983 OF CIVIL RIGHTS VIOLATION, FALSE ARREST AND MALICIOUS PROSECUTION**

Plaintiff complains of the Defendants as follows:

**Count I -- Civil Rights Violation under color of law (Wrongful Arrest and Detention) under Title 42 U.S.C. Section 1983**

1. Jurisdiction of this case is based upon Federal question, as Plaintiff claims redress for civil rights violation under color of law based upon Title 42 USC Section 1983.

2. Venue is proper in this Court as the cause of action arose and all acts complained of herein transpired with regard to Plaintiff, who was known to Defendants to be a resident and domiciliary of the County of Cook, State of Illinois, within the geographic expanse of this Court.

3. At all times relevant to this Complaint, Plaintiff was and remains employed as a cargo freight transportation truck driver for Food Liner, employed to transport freight in interstate commerce.

4. Plaintiff lived in the City of Chicago, Illinois, with his wife and minor child at the

time of the events set forth herein, October, 2012 through December, 2012.

5. Prior to October, 2012, Plaintiff had never been in the State of Maryland at any time in his life.

6. In October, 2012, Plaintiff was driving his truck in and through the City of Baltimore, State of Maryland. Specifically, Plaintiff's job assignment was to drive from Chicago, Illinois to Baltimore, Maryland, retrieve a load of freight in Baltimore and haul the same from Baltimore to Chicago.

7. Because Plaintiff was fatigued from driving his truck route, he unintentionally ran into a parked motor vehicle, causing property damage. This collision took place within the City of Baltimore, Maryland.

8. Defendant Baltimore Police Department, and specifically Defendant Unidentified Baltimore Police Officers and Agents (these defendants will be referred to sometimes herein as "Baltimore Police Officers"), promptly encountered Plaintiff, and accused him of being in an intoxicated state. Plaintiff advised them that he had struck the motor vehicle accidentally because of fatigue, and particularly not because he was intoxicated.

9. The Defendant Baltimore Police Officers did not test Plaintiff to determine whether he had consumed any type of narcotic drugs or alcoholic beverages. Nevertheless, Defendant Baltimore Police Officers summarily detained and arrested Plaintiff, charged Plaintiff with a criminal offense of or related to driving under the influence, and incarcerated Plaintiff.

10. Plaintiff was not at any time relevant to this Complaint under the influence of narcotic drugs, other drugs, or alcohol or alcoholic beverages. Plaintiff had not committed any crime at all at the time he was arrested in October, 2012.

11. Defendants charged Plaintiff with several offenses, including Driving Under the Influence as mentioned hereinabove.

12. Plaintiff never received a designated bail amount or bond amount for which he could secure his release at any time until he was actually released, more than two months later, on about December 28, 2012.

13. Defendants Baltimore Police Officers, upon information and belief, suspected Plaintiff of being the subject of an outstanding arrest warrant in the State of Maryland relative to a charge of felony assault which had allegedly occurred on about December 25, 2009.

14. Plaintiff identified himself and took no steps to conceal, misrepresent or confuse his identity. Plaintiff was not the same person as the person against whom the outstanding State of Maryland arrest warrant had been issued in December, 2009. Upon information and belief, the Defendant Baltimore Police Officers had no reason to believe that Plaintiff might be the person who was to be arrested pursuant to that warrant except that Plaintiff had the same first name and surname as the person who actually was the subject of an outstanding arrest warrant in the State of Maryland relative to the aforementioned felony assault charge from the incident of December 25, 2009. Upon information and belief, that December, 2009, felony assault occurred entirely within the State of Maryland.

15. Plaintiff's name is not an uncommon name, especially among persons of Latin American ancestry.

16. Nevertheless, Defendant Baltimore Police Officers detained and incarcerated Plaintiff for more than two months, until about December 28, 2012, when Plaintiff was finally released from incarceration. Upon information and belief, Plaintiff was detained even after

Defendant Baltimore Police Officers realized that they could not locate either the arresting officer from the original 2009 felony assault, or the putative victim.

17. Defendant Baltimore Police Officers had no probable cause on the basis of which to detain Plaintiff or to charge him with or hold him for the offense of felony assault from December 25, 2009.

18. Defendant Baltimore Police Officers' arrest and detention of Plaintiff without probable cause. Such detention and arrest thus amounted to an unlawful seizure of Plaintiff in violation of his right to be free from unreasonable seizures protected by the Fourth Amendment to the United States Constitution.

19. Defendants, including the Defendant Baltimore Police Officers who arrested, charged and detained Plaintiff wrongfully, acted under color of law in that they used the pretext of holding Plaintiff on the outstanding arrest warrant, for a different putative offender who happened to have the same name as Plaintiff, and used the powers, resources, facilities and accessories available to them as Baltimore Police Officers, in order wrongfully to arrest, charge and detain Plaintiff in violation of Plaintiff's Fourth Amendment rights.

20. Defendants' wrongful arrest, false charge and two-months' detention of Plaintiff directly and proximately caused damage to Plaintiff, in stress, anxiety, and trauma relative to being incarcerated; loss of society and contact with Plaintiff's wife and minor child; diminution and degradation of Plaintiff's professional reputation and standing with his employer; loss of earnings and income-producing opportunities; emotional distress, mental anguish, humiliation and psychological trauma and suffering.

21. Upon information and belief, the false arrest, charging and detention of Plaintiff

by Defendant Baltimore Police Officers as set forth hereinabove was accomplished according to procedures established and promulgated by Defendants Police Commissioner Anthony W. Batts, individually and as agent and Chief official of the City of Baltimore Police Department, the Baltimore Police Department, a subdivision of the State of Maryland, and the City of Baltimore, Maryland.

22.  Upon information and belief, the false arrest, charging and detention of Plaintiff by Defendant Baltimore Police Officers as set forth hereinabove was willful and knowing, as Defendants had reason to believe that Plaintiff was not the same person as the subject of the December, 2009 arrest warrant while they continued to detain and incarcerate Plaintiff.

Wherefore, Plaintiff Julio Rivera respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Police Commissioner Anthony W. Batts, individually and as agent and Chief official of the City of Baltimore Police Department, Two (2) Unidentified Officers and Agents of the City of Baltimore Police Department, Baltimore Police Department, a subdivision of the State of Maryland, and the City of Baltimore, Maryland, a municipal corporation and body politic, jointly and severally, and that the Court award to Plaintiff and tax against Defendants his attorney's fees, court costs and litigation expenses, and award in favor of Plaintiff and against Defendants such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count II -- Civil Rights Violation under color of law (Latin American National Origin) under Title 42 U.S.C. Section 1983**

23-44.  Plaintiff repeats the allegations of Paragraphs 1 through 22 of Count I as though fully set forth herein.

5

45. Plaintiff is of Latin American national origin. Latin American nationals have traditionally been targeted for discrimination, opprobrium and mistreatment, including by law enforcement authorities such as Defendants.

46. Upon information and belief, the false arrest, charging and detention of Plaintiff by Defendant Baltimore Police Officers as set forth hereinabove was accomplished, in whole or in part, on the basis of Plaintiff's status as a person of apparent Latin American ancestry or national origin.

47. Upon information and belief, the false arrest, charging and detention of Plaintiff by Defendant Baltimore Police Officers as set forth hereinabove was willful and knowing, inasmuch as Defendants had reason to believe that Plaintiff was not the same person as the subject of the December, 2009 arrest warrant while they continued to detain and incarcerate Plaintiff.

Wherefore, Plaintiff Julio Rivera respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Police Commissioner Anthony W. Batts, individually and as agent and Chief official of the City of Baltimore Police Department, Two (2) Unidentified Officers and Agents of the City of Baltimore Police Department, Baltimore Police Department, a subdivision of the State of Maryland, and the City of Baltimore, Maryland, a municipal corporation and body politic, jointly and severally, and that the Court award to Plaintiff and tax against Defendants his attorney's fees, court costs and litigation expenses, and award in favor of Plaintiff and against Defendants such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count III  --  False Arrest (Pendent State law claim).**

48-69.   Plaintiff repeats the allegations of Paragraphs 1 through 22 of Count I as though fully set forth herein.

70.   Defendants' wrongful arrest, charging and detention of Plaintiff violated Plaintiff's rights as a matter of Illinois common law.

Wherefore, Plaintiff Julio Rivera respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Police Commissioner Anthony W. Batts, individually and as agent and Chief official of the City of Baltimore Police Department, Two (2) Unidentified Officers and Agents of the City of Baltimore Police Department, Baltimore Police Department, a subdivision of the State of Maryland, and the City of Baltimore, Maryland, a municipal corporation and body politic, jointly and severally, and that the Court award to Plaintiff and tax against Defendants his attorney's fees, court costs and litigation expenses, and award in favor of Plaintiff and against Defendants such further relief as the Court deems just. Plaintiff demands trial by jury.

**Count IV  --  Malicious Prosecution (Pendent State law claim).**

71-92.   Plaintiff repeats the allegations of Paragraphs 1 through 22 of Count I as though fully set forth herein.

93.   Defendants' wrongful charging of Plaintiff with the December, 2009 felony assault violated Plaintiff's rights as a matter of Illinois common law.

Wherefore, Plaintiff Julio Rivera respectfully requests that he be awarded judgment in a sum in excess of $75,000.00 against Defendants Police Commissioner Anthony W. Batts, individually and as agent and Chief official of the City of Baltimore Police Department, Two (2)

Unidentified Officers and Agents of the City of Baltimore Police Department, Baltimore Police Department, a subdivision of the State of Maryland, and the City of Baltimore, Maryland, a municipal corporation and body politic, jointly and severally, and that the Court award to Plaintiff and tax against Defendants his attorney's fees, court costs and litigation expenses, and award in favor of Plaintiff and against Defendants such further relief as the Court deems just. Plaintiff demands trial by jury.

Respectfully submitted,

Julio Rivera,

By:_____/S/__ Michael J. Greco __

Michael J. Greco, Attorney at Law     Michael J. Greco
Attorney for Plaintiff                Attorney for Plaintiff
175 West Jackson Blvd., Suite 1600
Chicago, Illinois 60604
312 222-0599
Attorney No. 06201254